IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD DAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL MANAGEMENT SERVICES, L.P. d/b/a, a/k/a CAPITAL MANAGEMENT SERVICES, INC., CAPITAL MANAGEMENT SERVICES, INC. d/b/a, a/k/a CAPITAL MANAGEMENT SERVICES, L.P., and FFPM CARMEL HOLDINGS I, LLC,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br>`FILED: JULY 30, 2008`<br>`08CV4316`<br>`JUDGE HART`<br>`MAGISTRATE JUDGE KEYS`<br>**Civil Action No.**<br>`PH`<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

I.   **INTRODUCTION**

1.   This action is brought by Plaintiff Edward Day, on behalf of himself and all others similarly situated, for statutory damages against Defendants Capital Management Services, L.P. d/b/a, a/k/a Capital Management Services, Inc., Capital Management Services, Inc. d/b/a, a/k/a Capital Management Services, L.P. and FFPM Carmel Holdings I, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II.   **JURISDICTION**

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this

district as all relevant events took place here.

### III.   PARTIES

3. Plaintiff Edward Day is an individual who resides in Des Plaines, Illinois.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Capital Management Services, L.P. is a debt collection agency organized under the laws of the State of Delaware with an office located at 726 Exchange Street, Buffalo, New York.

6. Capital Management Services, L.P. does business as Capital Management Services, Inc.

7. Capital Management Services, L.P. is also known as Capital Management Services, Inc.

8. Capital Management Services, L.P. is engaged in the collection of debts from Illinois consumers using the mail and telephone.

9. Capital Management Services, L.P. regularly attempts to collect consumer debts alleged to be due to another.

10. Capital Management Services, L.P. was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

11. Defendant Capital Management Services, Inc. is a debt collection agency organized under the laws of the State of Delaware with an office located at 726 Exchange Street, Buffalo, New York.

12. Capital Management Services, Inc. is licensed by the State of Illinois as a collection agency, License Number 017020983.

13. Capital Management Services, Inc. does business as Capital Management Services, L.P.

14. Capital Management Services, Inc. is also known as Capital Management Services, L.P.

15. Capital Management Services, Inc. is engaged in the collection of debts from Illinois consumers using the mail and telephone.

16. Capital Management Services, Inc. regularly attempts to collect consumer debts alleged to be due to another.

17. Capital Management Services, Inc. was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

18. Capital Management Services, Inc. and Capital Management Services, L.P. are collectively referred to herein as "CMS."

19. Defendant FFPM Carmel Holdings I, LLC ("FFPM") is a business organized under the laws of the State of Delaware with an office located at 2800 North 44th Street, Suite 310, Phoenix, Arizona.

20. FFPM is engaged in the collection of debts from Illinois consumers using the mail and telephone.

21. FFPM regularly purchases defaulted debts.

22. FFPM regularly engages the services of debt collectors to collect the defaulted debts FFPM purchases.

23. FFPM regularly attempts to collect consumer debts alleged to be due to another.

24. FFPM was and is a "debt collector" as defined by the FDCPA, 15 U.S.C.

§1692a(6).

## IV.   FACTUAL ALLEGATIONS

25.   Mr. Day incurred an alleged debt to HSBC Card Services, Inc. for personal purchases made on a credit card (hereinafter referred to as "the Debt.").

26.   Mr. Day's payments fell into arrears.

27.   The Debt was sold to FFPM Carmel Holdings I, LLC after it entered default.

28.   FFPM referred, assigned, or otherwise provided the Debt to CMS to attempt to collect it.

29.   CMS obtained the Debt from FFPM after the Debt entered default.

30.   By correspondence dated August 9, 2007, CMS arranged for the preparation and transmittal of a letter to Mr. Day at his residence in an attempt to collect the Debt. CMS' August 9, 2007, letter to Mr. Day is attached hereto as Exhibit A.

31.   Exhibit A lists the "Previous Creditor" as HSBC Card Services, Inc.

32.   Exhibit A lists the "Current Creditor" as "Ffpm Carmel Holdings I, LLC."

33.   Exhibit A states:

> This company has been engaged by Ffpm Carmel Holdings I, LLC to resolve your delinquent debt of $755.41.

34.   On August 26, 2007, a female employee and/or agent of CMS called Mr. Day at his place of employment and left the following voicemail: "Hi this message is for Edward Day this is Wendy calling from Capital Management. I'm calling on behalf of my client. It's important to return this message today at 1.800.504.2401. And when calling please use your reference number 30343423. Thank you, have a nice day."

35. On August 27, 2007, at 10:28am, a female employee and/or agent of CMS called Mr. Day at his place of employment and left the following voicemail: "This message is for Edward Day. This is [unknown name] calling from CMSI on behalf of First Financial. Our number is 1.800.504.2401. To return this call use reference number 30343423. It is important you return this call when receiving this message."

36. On August 27, 2007, at 10:52am, a female employee and/or agent of CMS called Mr. Day at his place of employment and left the following voicemail: "Hi this message is for Edward Day. This is [unknown name] calling from Capital Management. [unknown content of call] this message today at 1.800.504.2401. And when calling back please use reference number 30343423. Thank you and have a nice day."

37. On August 27, 2007, at 11:32am, a female employee and/or agent of CMS called Mr. Day at his place of employment and left the following voicemail: "Hi this message is for Edward Day. This is Ms. Williams calling from Capital Management. It's important to return this message today at 18005042401. And when calling back please use reference number 30343423. Thank you and have a nice day."

38. On August 27, 2007, at 11:33am, a female employee and/or agent of CMS called Mr. Day at his place of employment and left the following voicemail: "Hi this message is for Edward Day. This is [unknown name] calling from Capital Management. It's important to return this message today at 18005042401. And when calling back please use reference number 30343423. It's important to return this message. And have a nice day. Thank you."

39. On August 27, 2007, at sometime after noon, a male employee and/or agent of CMS called Mr. Day at his place of employment and left the following voicemail: "This message

is for Edward Day. This is [unknown name] calling from Capital Management Services. [unknown content of call] at 1.800.504.2401. Reference number is 30343423. It is important that you return this call as soon as you receive this message today."

40. On August 29, 2007, at 11:00am, a male employee and/or agent of CMS called Mr. Day at his place of employment and left the following voicemail: "Edward Day. [unknown name] calling from Capital Management. [unknown content of call] at 18005042401, 18005042401. Call back and give your reference number, that number is 30343423, 30343423. Thank you, good bye."

41. The above seven voicemails from CMS to Mr. Day do not disclose that the communication is from a debt collector.

42. The voicemails from CMS to Mr. Day on August 26 and 27 state that it is important that Mr. Day return the call "today" or as soon as he receives the message.

43. It was not important that Mr. Day return the messages "today."

44. It was not important that Mr. Day return the messages as soon as he received them.

45. CMS employees and/or agents use a script when leaving telephone messages.

46. CMS's telephone message script does not include a disclosure that the call is from a debt collector.

47. CMS's actions are imputed to FFPM.

V. **DEFENDANT'S POLICIES AND PRACTICES**

48. It is the standard policy and practice of CMS to use false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C.

§§ 1692e and e(10).

49. It is the standard policy and practice of CMS to fail to disclose in communications subsequent to the initial communication that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11).

50. It is the standard policy and practice of CMS to cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. § 1692d(5).

## VI. CLASS ALLEGATIONS

51. This action is brought as a class action. Plaintiff defines the "e(11) Class" as (i) all persons within the state of Illinois (ii) to whom Defendant Capital Management Services, L.P. left a telephone message (iii) which failed to disclose that the communication was from a debt collector (iv) in an attempt to collect a debt to FFPM Carmel Holdings I, LLC (v) incurred for personal, family, or household purposes (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

52. Plaintiff defines the "d(5) Class" as (i) all persons within the state of Illinois (ii) with telephone numbers to whom Defendant Capital Management Services, L.P. placed at least four telephone calls (iii) where the telephone calls were placed within a time period of one hour and five minutes (iv) in an attempt to collect a debt to FFPM Carmel Holdings I, LLC (v) incurred for personal, family, or household purposes (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

53. The classes are so numerous that joinder of all members is impractical.

54. Upon information and belief, more than 50 persons within the state of Illinois

were left a message by Defendant Capital Management Services which failed to disclose that the communication was from a debt collector in an attempt to collect a debt to FFPM Carmel Holdings I, LLC incurred for personal, family, or household purposes during the period of time one-year prior to the filing of this Complaint.

55. Upon information and belief, there are more than 50 persons within the state of Illinois with telephone numbers to whom Defendant Capital Management Services placed at least four telephone calls, where the telephone calls were placed within a time period of one hour and five minutes, in an attempt to collect a debt to FFPM Carmel Holdings I, LLC incurred for personal, family, or household purposes during the period of time one-year prior to the filing of this Complaint.

56. There are questions of law and fact common to the classes, which predominate over any questions affecting only individual class members. The principal issue is whether CMS violated the FDCPA by:

- A. using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

- B. failing to disclose in communications subsequent to the initial communication that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11); and

- C. causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. § 1692d(5).

57. There are no individual questions, other than whether CMS left the scripted messages with the class member or placed at least four calls within one hour and five minutes to

a class member's telephone line. These can be determined by a ministerial inspection of CMS's records.

58.  Plaintiff will fairly and adequately protect the interests of the classes.

59.  Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

60.  The questions of law and fact common to the classes predominate over any issues involving only individual class members. The principal issues are:

> A.  whether CMS's practice of leaving voicemails without disclosing that the communication is from a debt collectors violates the FDCPA; and
>
> B.  whether CMS's practice of placing at least four telephone calls within one hour and five minutes violates the FDCPA.

61.  Plaintiff's claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories.

62.  A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VII.  COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

63.  Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

64. Defendants' violations of the FDCPA include, but are not limited to:

    A.    using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

    B.    failing to disclose in communications subsequent to the initial communication that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11);

    C.    engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d; and

    D.    causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. § 1692d(5).

65. As a result of Defendants' violations of the FDCPA, Plaintiff and the class members are entitled to a declaratory judgment and an award of statutory damages, costs and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Edward Day requests that judgment be entered in his favor and in favor of the classes against Defendants Capital Management Services, L.P. d/b/a, a/k/a Capital Management Services, Inc., Capital Management Services, Inc. d/b/a, a/k/a Capital Management Services, L.P. and FFPM Carmel Holdings I, LLC for:

- A. Certification of this matter as a class action;
- B. Declaratory judgment that Defendants' practices violates the FDCPA;
- C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);
- D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- E. For such other relief as the Court may find to be just and proper.

## IX. JURY DEMAND

Plaintiff Edward Day hereby demands that this case be tried before a Jury.

 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)

ATTORNEYS FOR PLAINTIFF EDWARD DAY